**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-51086

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELA GONZALEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(98-CR-540)

October 18, 1999

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Angela Gonzalez was convicted of importing cocaine and possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 841(a)(1). In appealing her conviction, Appellant contends that (1) the evidence was insufficient, and (2) the district court erred in denying her motion for mistrial and in admitting evidence of her prior drug conviction and prior drug use. Discerning no reversible error, we

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirm.

I.

FACTS AND PROCEEDINGS

The record contains evidence of the following facts. At approximately 6:15 p.m. on the day in question, Appellant returned from Mexico to the United States at the Paso del Norte Bridge port of entry in El Paso, Texas. She was the driver and sole occupant of a 1992 Chevrolet Camaro owned by her father-in-law. In the primary inspection line, Appellant encountered Inspector Herrera. He testified that when he asked Appellant the standard questions, she did not make eye contact with him, "seemed to be in a hurry," and stated that "she needed to get out of that inspection." Primarily because of the lack of eye contact, Herrera directed Appellant to secondary inspection.

In secondary inspection, the vehicle underwent a thorough inspection. A plastic bag was observed behind the front passenger seat. The bag was found to contain a rolled up pair of jeans and a shoe box in which there was a pair of old tennis shoes (the inspector noted that Appellant was wearing a new pair of tennis shoes). When the inspector "squeezed" the jeans, he felt an oval object which he believed to be a hairbrush. When he "shook out" the jeans, however, the object dropped out and was not a brush but was a black-taped oval bundle, which the parties have stipulated contained 128 grams of cocaine.

Appellant was then escorted to the "head house." While walking there, she inquired nervously about what was happening, and

2

her hands began to shake.

On direct examination by the government, an agent testified that Appellant had advised the officers that she had gone to Juarez, Mexico that day to visit a relative and to shop for clothing, including a pair of jeans. Shortly — but not immediately — after that testimony, defense counsel objected to it, asserting that the government had failed to disclose to the defense Appellant's alleged statement about purchasing jeans. The court sustained the objection and instructed the jury to disregard that agent's testimony in its entirety.

The government introduced evidence that Appellant had previously pled guilty to possessing marijuana with intent to distribute. Over defense objection, the district court admitted this evidence for the limited purpose of determining whether Appellant had the requisite intent to commit the crimes charged. The court gave appropriate limiting instructions to the jury.

When the government rested, the defense moved for a directed verdict on the ground that there was insufficient evidence of intent. The court denied the defense motion.

The defense called Appellant's father-in-law who stated that he owned a "compound" consisting of several homes in which his sons and other relatives lived. He confirmed that at least two of his sons had been involved in drug offenses. He stated that he kept a number of vehicles on the premises (including the Camaro Appellant was driving when she was stopped) which his relatives were free to use. This witness noted that on the day of Appellant's arrest the

3

Camaro had been uncharacteristically parked outside the compound rather than inside; and that he had not given Appellant express permission to use the vehicle that day.

Appellant's sister-in-law testified that Appellant did not normally wear jeans. Appellant's cousin testified that, on the day of the arrest, Appellant had arrived at the cousin's home in Juarez at about 3:00 p.m., and had remained there with her, without leaving, until about 5:30 p.m.

Appellant's brother-in-law testified that he lived in the compound, that it had been raided for drugs approximately six times. He stated that the vehicle driven by Appellant was also driven by others living at the compound.

Appellant testified in her own defense. She stated that she did not know the cocaine was in the vehicle. She acknowledged that she was on probation for a state drug offense and that she was not allowed to leave the United States without her probation officer's permission, which she had not obtained before going to Juarez. She attributed her nervousness at the port of entry to fear that the inspectors would arrest her for not having obtained such permission and to her anxiety to get home before her father-in-law returned. She further testified that the jeans found in the vehicle did not belong to her and were not even her size. The government produced no contrary evidence about the jeans but, for the purpose of establishing motive, was given permission to question Appellant concerning her prior drug use. Appellant testified she had never used cocaine. When pressed by government counsel concerning three

4

or four occasions on which she had tested positive for cocaine use while on probation, she stated that she had tried it once and that this accounted for those positive tests.

The defense rested and unsuccessfully moved for judgment of acquittal.

## II.

## ANALYSIS

A.  <u>Admission of evidence of prior drug offense and of prior drug use.</u>

Appellant contends that the district court abused its discretion by admitting evidence of her prior conviction for possession of marijuana with intent to distribute and of her prior drug use.  She contends that the probative value of that evidence was outweighed by its potential prejudice.  We note, however, that Appellant placed her intent at issue when she testified that she did not know the drugs were in the vehicle.

We review the district court's decision to admit evidence under Rule 404(b) for abuse of discretion.  We have established a two-part test to determine admissibility under that rule.  <u>See</u> <u>United States v. Beechum</u>, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  The evidence must be relevant to an issue other than the defendant's character and must possess probative value which is not outweighed by undue prejudice.  <u>United States v. Bentley-Smith</u>, 2 F.3d 1368, 1377 and n. 11 (5th Cir. 1993).

5

The evidence of the prior drug <u>conviction</u> was properly admitted. Appellant's state of mind was at issue. The court gave the jury two detailed limiting instructions, one immediately after the evidence of the prior offense was admitted and the other at the completion of the testimonial phase of the trial. We conclude that the admission of this testimony was not an abuse of discretion. Admission of evidence of prior drug <u>use</u>, albeit only after getting the court's permission to question the Appellant about such use, is more problematical. We have held that, when <u>possession</u> with intent to distribute drugs is charged, it is error to allow, over appropriate objection, evidence of past drug <u>use</u> for the purpose of establishing guilty knowledge. <u>United States v. McDonald</u>, 905 F.2d 871, 875 (5th Cir. 1995). Similar to the argument made in <u>McDonald</u>, the government here claims that the evidence of prior drug use was probative of motive and knowledge. But we stated in <u>McDonald</u> that ". . . there is a large leap from evidence that [the defendant] in the past used cocaine and speed to an inference that he therefore likely knew his car contained marijuana that day. The leap is too large." <u>McDonald</u>, 905 F.2d at 875. Under Rule 404(b) there must be a similarity of the extrinsic act to the offense charged. <u>United States v. Gordon</u>, 780 F.2d 1165, 1173 (5th Cir. 1986). That nexus is missing here.

Nevertheless, errors in the admission of evidence are harmless unless they affect a defendant's substantial rights. <u>McDonald</u>, 905 F.2d at 876. We have found such error to be harmless when the rest of the evidence is so strong that, even without the evidence of

6

prior drug use, a rational juror could convict. As discussed below in connection with the sufficiency of the evidence, that is the case here. As we conclude that the admission of evidence of drug use was harmless, any error in admitting it is not reversible.

B.  Sufficiency of the evidence.

Appellant contends that the evidence was insufficient to establish her intent, and thus insufficient to support her conviction. We review to determine whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt, see United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992), viewing the evidence in the light most favorable to the jury's verdict. United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995). We resolve credibility determinations and reasonable inferences in favor of the verdict. Id. at 911.

The government's case was entirely circumstantial. The primary evidence pointing to guilt was Appellant's demeanor at the inspection station and her prior drug offense, together with her sole possession of the automobile in which the drugs were found at the time of her arrest. Additional evidence consisted of two other family members being involved with drugs, the compound in which Appellant lived having been frequently raided for drugs, and the fact that Appellant was wearing new shoes while the old shoes were in the same container as the drugs. Even though this evidence is not overwhelming, it is sufficient to sustain the jury's verdict even without reference to the evidence of prior drug use.

C. <u>Evidence of an incriminating statement not previously disclosed</u>.

Appellant contends that the government attorney committed prosecutorial misconduct by eliciting an incriminating statement that Appellant allegedly made to a government inspector, as that statement had not been previously disclosed. Defense counsel made a belated objection, asking that the witness's statement be stricken in its entirety. That objection was sustained and the appropriate instruction was granted. Appellant's argument that, despite having won the point at trial, the court should have dismissed the case "as a sanction against the Government" is unavailing.

III.

CONCLUSION

For the reasons set forth above, Appellant's conviction is AFFIRMED.

8